Johnson, J.
The original action was brought to enjoin the collection of four district assessments against lots 342 and 339, in what was formerly East Cleveland, made by the ■city of Cleveland. They were:
*470 I. For opening Hough avenue.
II. For grading, draining, and improving Hough avenue.
III. For grading and improving East Madison avenue.
IV. For macadamizing, paving, and improving East Madison avenue.
The case was tried in the district court upon the issues joined and evidence, and there was a finding and judgment affirming said several assessments in the main, but modifying them in specified particulars. Exceptions were noted by both parties, and . the plaintiff moved for a new trial.
This motion was overruled, and a bill of exceptions was taken containing all the evidence.
Numerous errors are assigned by plaintiff, some of which go to the validity, and others to the regularity merely, of these assessments.
A cross-petition in error is filed, assigning a single error, to wit, that the district court erred in refusing to allow the-cost of engineering to be included in the assessments.
As to this alleged error, it is sufficient to say that the facts bring it within the ruling in Longworth v. Cincinnati, 34 Ohio St. 101, which holds that where the surveying and engineering is done by the salaried officers of the city, who are paid out of the general fund, the cost of engineering done by them can not be assessed on the property.
The great number of errors specially assigned by the plaintiffs, and the lengthy and thorough arguments on each of them, have necessitated a careful and detailed examination of each.
In view of the great length to which this opinion would’ be extended, if it attempted to cover all of them, and of the fact that some have, by changes of the statutes, ceased to be of public interest, while others are of minor importance at best, we will report only upon those points upon which the judgment of the court below has been modified, first premising that there is nothing in the record, which has been pointed out in the argument, to show that either of said assessments is void, and that all the errors found to. *471 exist are such as fall within the curative provisions of the-statute.
I. As to the alleged error in certifying and placing upon the duplicate assessments against lot 342.
By the opening of Hough avenue, from east to west, through this lot, it was severed into two distinct parcels of unequal size and value — that on the north side being shallow in depth, and much smaller, and with less frontage on each street afterward improved. It stood on the duplicate, for taxation as one lot. After the opening and improvement of this avenue, it so continued on the duplicate, and no application was made, either by the city or by plaintiff,, to have it changed to its actual condition, after the street was opened.
The assessments were made by the city against the two-distinct parcels. Eor instance, the assessment to pay for the land was $308.18 on that part lying north of the avenue, and $1,544.09 on the south side. In this form, it was ordered certified for collection to the auditor. He added both together, making $1,852.27, and assessed the whole on the entire lot, including the part taken for the street. We think this erroneous. Where assessments are made, as in this case, upon separate parcels or lots, either according to frontage, valuation, or benefits, the amount so assessed is alone liable therefor, and the statute has expressly fixed the maximum of such assessments.
By thus consolidating two or more distinct parcels, and the assessments thereon, this principle is violated, and the maximum limit may be evaded.
The assessment made against either parcel could not thus be charged upon the other.
But it is said that both parcels stood as one lot on the duplicate, and that the plaintiffs took no steps to have them-separated.
The severance was the act of the city, by a forcible purchase of a strip of land running through the lot for a street; and it was its duty, for purposes of assessment, to cause the proper severance upon the special tax duplicate,. *472 when it seeks to enforce an assessment against the same, through the taxing power of the state.
So far as either of these assessments have been placed upon the duplicate against the entire lot, it is erroneous, and an injunction must be granted, restraining the sale of the lot, as an entirety, for their payment, or of either lot for the assessment upon the other.
II. In the assessment for the improvement of Hough avenue, there appears an item of $220, “ for repairs of culvert.”
It appears that the work constituting this improvement was let in two distinct parts. The construction of an expensive culvert of stone and brick was let to one bidder, .and was completed by him, and paid for as a distinct contract. The grading, etc., which was completed some months afterward, was by another contractor, and there is estimated in his favor this item of $220 for repairs of culvert. If this work was properly repairs, as the record indicates, it does not constitute a proper charge in making up the cost of the improvement.
III. In these assessments are included an item of one per cent, upon the cost of the improvement to pay for collection.
It is not claimed that this percentage has been or will be paid. It is at least only an estimate, and not an actual expense that has been or will be incurred.
Treasurers’ fees are based on a sliding scale, according to amounts collected or disbursed. Whether fees actually paid, or for which the city would be liable under the statute, could be included, we need not determine.
The statute furnishes other modes of collecting such assessments, and this need not be resorted to; and, if not, there is not necessarily any cost for collection.
The amount should be ascertained and fixed, on the supposition that the owner will pay without litigation or other expense. These items must be omitted from the several assessments.
TV. The assessment for grading and curbing East Madi *473 son avenue was by the foot front. The work was done and paid for by bonds in anticipation of an assessment based on au estimate of 14,947 feet front, and cost of $11,-202.93.
The corrected assessment was made by the district court and was based on the actual cost of $8,914.07, and a frontage of 13,449 feet, thus making a reduction in the aggregate amount to be collected of $2,288.86. The frontage was also reduced 1,498 feet. Thus the reduction per foot front was not correspondingly reduced.
This difference in frontage arose, partly from the fact that between the time of the estimate on which the original assessment was based, and the time of the correction, after [the work was completed, several hundred feet had been appropriated for streets, and partly from new and corrected measurements of the lots fronting on the improvement.
Mr. Baker, who made the computations, is unable to say how much of this difference arises from appropriations for streets, as he did not measure them, but says it was' several hundred feet.
The lot-owners were liable according to the feet front assessable wlien the work was ordered, and the assessment made, and not according to the frontage as afterward reduced by appropriation.
After that, the city converted assessable into non-assessable property. The pro rata share of what remains could not be thus increased beyond the amount actually assessable, when it was assessed. But this was exactly what was done. The divisor, by which the cost per foot front was ascertained, might be reduced by corrected measurements of assessable property. This was done; but, in addition to this, it was reduced by deducting, also, several hundred feet of assessable property converted into non-assessable, by being afterward converted into public streets.
The pro rata share of each should have been ascertained by taking the actual number of feet front as it was when the assessment was made, making no deduction for *474 diminished frontage arising afterward by appropriation for intersecting streets.
The judgment will be reversed and the cause be remanded to the district court with instructions to proceed according to the foregoing conclusions, and to enjoin the collection of all in excess of the corrected assessments thus ascertained.
Boynton, J., did not participate in the case involving the improvement of Madison avenue.